UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

Thomas R. Louden, and
Hazel Schilb (deceased),

Plaintiffs,

vs. MINUTE ORDER

Ojibwe Foundation of Sandy Lake, Skinaway family members of Board and Board Members, and Jack Remington Graham, self proclaimed Attorney General,

Defendants. Civ. No. 01-1999 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 7th day of February, 2002.

* * *

On February 7, 2002, a Hearing was scheduled on the Defendants' Motions to Strike the Complaint or, in the alternative, for a More Definite Statement. At the time of the Hearing, the Defendants appeared by John R. Graham, Esq., and the Plaintiff Thomas R. Louden ("Louden") specially appeared by Michael J. Dougherty ("Dougherty"), Esq..

A Hearing on the Defendants' Motion had originally been scheduled for January 18, 2002, but, at that time, we were advised by Dougherty that Louden had been hospitalized with leukemia, and was

FILED FEB 07 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

unavailable to respond to the Motion. In a Minute Order issued on the date of the Hearing, we rescheduled the matter to be heard on February 7, 2002, and we requested that Dougherty notify Louden of the continuance, and address with Louden the propriety of the continued prosecution of this action, as it appears that Louden's claims were previously, and unsuccessfully, resolved in the State Courts of Minnesota. By Notice of Special Appearance on Behalf of Louden, which is dated February 1, 2002, Dougherty advised that his client remained hospitalized under quarantine, and that he would remain so indefinitely. According to Dougherty, Louden would need a period of six months in which to respond to the Defendants' Motion, but that it appeared likely that Louden's affairs would be managed by his nephews, who might well be appointed his legal guardians.

For their part, the Defendants encouraged us to strike the Plaintiffs' Complaint, or direct the filing of a more definite statement of the claim. We rejected these encouragements, as Dougherty made plain that his recent conversations with Louden were difficult to comprehend, and we were not prepared to dismiss an action, or require some affirmative response on Louden's part, when his competency may well be compromised by his medical condition. Given this state of affairs, we have continued a Hearing on the Defendants' Motion until **May 15, 2002 at 10:00 o'clock a.m.** We

counsel that the parties "meet and confer" as to the propriety of a voluntary dismissal of the Plaintiffs' Complaint, subject to a stipulation so as to preserve the claims alleged so as to withstand a Statute of Limitations defense. As an alternative, we strongly suggested that Dougherty confer with any legal guardians for Louden, if properly appointed under law, to ascertain the legitimacy of continuing these claims in Federal Court. Our grant of a continuance of ninety days is specifically to afford the parties time in which to dispose of this action short of further prosecution, if that is the parties' intent.

NOW, THEREFORE, It is --

ORDERED:

That the Hearing on the Defendants' Motions for a More Definite Statement or, in the alternative, to Strike the Complaint, [Docket No. 6] is CONTINUED until **May 15, 2002, at 10:00 o'clock a.m.**, absent further Order of this Court.

BY THE COURT:

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE